# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DERRICK DARNELL ROBERSON,

        Petitioner,                              Case Number: 5:06-CV-15761

v.                                                    HON. JOHN CORBETT O'MEARA

SUSAN DAVIS,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Derrick Darnell Roberson, a state inmate currently incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his 2003 convictions for arson of a dwelling house and involuntary manslaughter. For the reasons set forth below, the Court denies the petition.

## I.

Petitioner, who was fourteen-years old at the time of the offense, was charged as an adult with first-degree murder and arson. He pleaded no contest in Saginaw County Circuit Court to one count of arson and one count of involuntary manslaughter. In exchange for his guilty plea, the prosecutor dismissed a charge of first-degree felony murder. Petitioner was originally sentenced as a juvenile and referred to the Family Independence Agency for placement. The prosecutor filed a motion for resentencing on the ground that Michigan law required sentencing as an adult for certain crimes, including arson. On September 22, 2003, Petitioner was re-sentenced to 57 months to 20 years for the arson conviction and 57 months to 15 years for the

involuntary manslaughter conviction.

On December 16, 2003, the trial court denied Petitioner's request for appointment of appellate counsel. The Michigan Court of Appeals subsequently denied Petitioner's attempt to file a claim of appeal for failure to pursue the case in conformity with state procedural rules. *People v. Roberson*, No. 253425 (Mich. Ct. App. March 25, 2004).

Petitioner renewed his request for appellate counsel following the United States Supreme Court's decision in *Halbert v. Michigan*, 543 U.S. 1042 (2005). Petitioner was appointed appellate counsel on February 3, 2006. Petitioner's appointed counsel filed a motion in the trial court for dismissal, specific performance or resentencing. Petitioner argued that there was no factual basis for his convictions, he had no intent to burn the dwelling or harm anyone, and that he was ordinarily, not grossly, negligent. Petitioner, in the alternative, sought specific performance of the implied promise that he would be sentenced as a juvenile. The trial court denied the motion.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

> I. Defendant's nolo contendere pleas should be vacated and he should be discharged where a factual basis cannot be established for either arson of a dwelling or manslaughter.
>
> II. Defendant entered a plea of nolo contendere with the understanding by all parties that he would be sentenced as a juvenile, and Defendant is entitled to specific performance.
>
> III. Defendant must be resentenced where the trial court originally sentenced Mr. Roberson as a juvenile, failed to consider mitigating factors, and failed to recognize its discretion to sentence defendant below the guidelines; trial counsel was ineffective for failing to request a sentence below the guidelines in light of the substantial and compelling reasons for departure.

The Michigan Court of Appeals denied leave to appeal. *People v. Roberson*, No. 269207 (Mich. Ct. App. May 4, 2006).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Roberson*, No. 131424 (Mich. Nov. 1, 2006).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the same claims raised on direct review in state court.

## II.

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). This Act "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising the question of effective assistance of counsel, as well as other constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). The AEDPA applies to all habeas petitions filed after the effective date of the Act, April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Because Petitioner's application was filed after that date, the provisions of the AEDPA, including the amended standard of review, apply to this case.

As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir.1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins v. Smith*, 539 U.S. at 521 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)) (internal quotes omitted). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) ("All factual findings by the state court are accepted by this Court unless they are clearly erroneous.").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court held that a federal court should analyze a claim for habeas corpus

relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id*. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id*. at 409, 410-11. *See also Dorchy v. Jones*, 398 F.3d 783, 787-88 (6th Cir. 2005); *McAdoo v. Elo*, 365 F.3d 487, 493 (6th Cir. 2004); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

### III.

#### A.

Petitioner argues that habeas corpus relief is warranted because the factual basis for his no contest pleas was insufficient. "'[T]here is no constitutional requirement that a trial judge inquire into the factual basis of a plea.'" *U.S. v. McGlocklin*, 8 F.3d 1037, 1047 (6th Cir. 1992) (*quoting Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975)). Thus, a state trial judge's failure to conduct an on-the-record inquiry into the factual basis of a plea does not serve as a basis for federal habeas corpus relief. *Id.* Petitioner, therefore, is not entitled to habeas corpus relief because this claim is not cognizable on federal habeas corpus review.

#### B.

Petitioner claims that he is entitled to specific performance of the terms of his plea

5

agreement. Petitioner argues that it "seems" to have been the "understand by all parties" that Petitioner would be sentenced as a juvenile and that he is, therefore, entitled to resentencing as a juvenile.

To be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. U.S.*, 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757. "[T]he decision whether or not to plead guilty ultimately rests with the client." *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002).

The Sixth Circuit has stated that in cases challenging the voluntariness of a plea agreement a petitioner is bound by his in-court statements regarding his understanding of the plea:

> If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 564 (6th Cir. 1999) (*quoting Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).

During the plea colloquy, Petitioner stated that he understood the terms of his plea agreement were as follows: in exchange for his plea of no contest to arson and involuntary manslaughter, the first-degree murder charge would be dismissed. He also testified that there were no promises made to him other than those that were placed on the record. The trial court found that Petitioner understood the nature and consequences of his guilty plea and entered the plea knowingly and voluntarily.

The Court finds that the trial court's conclusion that the plea was voluntarily entered was not contrary to or an unreasonable application of Supreme Court precedent. As the trial court noted, Petitioner was given ample opportunity at the plea hearing to inform the trial court judge that he did not understand the plea. The consequences of the plea were explained to him and he indicated he understood those consequences. Petitioner is "bound by his statements" during the plea colloquy that he was not coerced into entering the guilty plea and that he understood the terms of the plea agreement. *Ramos*, 170 F.3d at 564 (internal quotation omitted). Additionally, there is no indication that any agreement other than that mentioned on the record was reached. Therefore, Petitioner is not entitled to specific performance.

## C.

Finally, Petitioner argues that trial court erred in declining to sentence Petitioner below the guidelines and that his attorney was ineffective for failing to request a sentence below the guidelines.

The claim that the sentencing court abused its discretion in failing to depart downward presents a matter of state law which is not cognizable upon federal habeas review. See *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to

reexamine state court determinations on state law questions"). There is also no federal constitutional right to individualized sentencing. *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir.1995). Consideration of mitigating factors is only required in the context of sentencing in capital cases. *See Harmelin v. Michigan,* 501 U.S. 957, 996 (1991). Any error in refusing to depart below the sentencing guideline range does not merit federal habeas relief. *See Lewis v. Prelesnik*, No. 05-CV-73438-DT, 2007 WL 674609, *4 (E.D. Mich. March 5, 2007).

Petitioner also argues that his attorney was ineffective in failing to request a downward departure. Generally, to prevail on an ineffective assistance of counsel claim on habeas review, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

The two-part *Strickland* test applies to claims of ineffective assistance of counsel based upon counsel's conduct prior to the entry of a plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In the context of guilty pleas, the first half of the *Strickland* test is the same standard set forth above. *Id.* The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.* Petitioner makes no such showing here and, therefore, cannot establish prejudice. Moreover, the record shows that the sentencing judge was made aware of the potentially mitigating factors at the first sentencing and in the presentence report.

8

Accordingly, Petitioner is not entitled to relief on this claim.

**IV.**

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

                                                s/John Corbett O'Meara  
                                                United States District Judge

Date: October 15, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 15, 2008, by electronic and/or ordinary mail.

                                                s/William Barkholz  
                                                Case Manager